423 F.Supp. 660 (1976)
James M. CONNAUGHTON, Plaintiff,
v.
MONSANTO COMPANY d/b/a Monsanto Commercial Products Co., Defendant.
No. 73-505C(2).
United States District Court, E. D. Missouri, E. D.
October 27, 1976.
*661 James P. Finnegan, Jr., St. Louis, Mo., for plaintiff.
Richmond C. Coburn, Joseph A. Kral, St. Louis, Mo., for defendant.

MEMORANDUM OPINION
REGAN, District Judge.
This action was brought under the Age Discrimination in Employment Act, 29 U.S.C. §§ 623-633, seeking damages and an injunction ordering defendant to discontinue its allegedly discriminatory practices, and to reinstate plaintiff in his former position or its equivalent.
The facts are as follows:
Plaintiff James Connaughton was employed by defendant as a Technical Trainee immediately following his college graduation, on June 11, 1951. He remained continuously in defendant's employ for the next 21 years, in various technical and management capacities and in various geographical areas. Immediately prior to his termination plaintiff worked in the Manufacturing Department of the Agricultural Division of Monsanto Commercial Products Company, and held the job title of Manager, Manufacturing, International, at a salary of $1,850 per month. The job consisted of visiting the Monsanto operations outside the United States and assisting those facilities with problems affecting the agricultural business.
On May 17, 1972, plaintiff was advised by his superiors that his job was to be eliminated following a functional reorganization of the Agricultural Division. At that time they told him that efforts would be made to relocate him either inside or outside Monsanto, and that he was to be kept on the payroll and encouraged to seek employment on a full time basis. Two months later, on July 15, 1972, defendant offered plaintiff a position as Technical Service Engineer in a Monsanto plant in Louisiana. The job demanded use of plaintiff's technical rather than managerial experience and involved a drop in grade and salary levels. For these reasons, and because he was reluctant to move, plaintiff refused the position. Defendant thereupon dismissed him, but told him that he would continue to receive his salary for five months.
Plaintiff, who was 48 in 1972, and is therefore protected by the Age Discrimination Act, claims that defendant discriminated against him on the basis of his age. He alleges: first, that defendant eliminated his job without sufficient reason; and second, that defendant offered him a job which it knew to be unacceptable, while positions better suited to plaintiff's qualifications were given to younger, less qualified men. Finally, plaintiff argues that the evidence he has presented in support of these allegations has established a prima facie case of age discrimination, which defendant has failed to rebut.
We disagree. Assuming plaintiff has established a prima facie case of discrimination, we feel that defendant has successfully *662 rebutted plaintiff's case by showing that age played no part in any of defendant's decisions regarding plaintiff. Defendant's decision to eliminate plaintiff's job was linked instead to a functional reorganization of the agricultural division. At that time all manufacturing managers such as plaintiff were placed under one manufacturing department, allowing the duties of plaintiff and other managers to be distributed throughout the new department. Defendant showed that it was in the interest of efficiency for problems previously dealt with by plaintiff to be assigned to specialist in each particular problem area as they arose. Inasmuch as this was a valid business reason, defendant cannot be faulted for failing to preserve plaintiff's job. See Stringfellow v. Monsanto, 320 F.Supp. 1175 (D.C.Ark.1970).
Defendant has also rebutted plaintiff's second allegation that Monsanto showed preference to younger men in its hiring practices. Defendant properly considered plaintiff for job openings around the time of plaintiff's dismissal, as it had promised. At trial, plaintiff introduced testimony concerning five positions open between May 17 and September 11 (when plaintiff accepted employment elsewhere). Plaintiff testified that he was better qualified for them than the younger men chosen to fill the positions. Defendant showed in all five cases, however, that plaintiff was less qualified in grade level, or in expertise. More importantly, plaintiff was shown to be less qualified in the management than in the technical area. Defendant was therefore justified in failing to offer him a job stressing his poorer management skills.
Finally, although plaintiff has introduced evidence of five jobs in the manufacturing field given to younger men than plaintiff, the statistical evidence does not demonstrate an undisputed preference for younger men. For example, of the 324 positions near plaintiff's grade level filled from December 1, 1971 to September 11, 1972, 155 were given to men over age 40, with 54 of these going to persons older than plaintiff. We can find no evidence that age was a factor in defendant's treatment of plaintiff. Plaintiff himself, when asked whether he was dismissed because of his age, answered that "age had nothing to do with it."
The foregoing memorandum opinion constitutes our findings of fact and conclusions of law. Judgment in accordance herewith will be entered in favor of defendant and against plaintiff.